SCOTT F. DOLL,

                    Petitioner,

       -vs-

PAUL CHAPPIUS, as Superintendent of
Elmira Correctional Facility,

                    Respondent.

**No. 6:15-cv-06400(MAT)**
**DECISION AND ORDER**

## I. Introduction

Represented by counsel, Scott F. Doll ("Petitioner") brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging that he is detained in Respondent's custody pursuant to an unconstitutional judgment of conviction rendered July 2, 2010, in New York State, Genesee County Court (Noonan, J.). Petitioner was convicted, following a jury trial, of one count of second-degree murder. He is currently serving his sentence on that conviction.

## II. Procedural History

The Petition was filed on July 1, 2015 (Dkt #1). Respondent filed its opposition to the habeas petition on May 5, 2016 (Dkt ##15, 16). On October 24, 2016, Petitioner filed his First Motion to Amend/Correct (Dkt #17) and First Motion to Stay (Dkt #18). Petitioner asserts that, through state post-conviction proceedings, certain items of newly discovered evidence were

revealed. First, Petitioner states, he discovered that the medical examiner's office, despite having testified at trial to the contrary, failed to take fingernail scrapings (or clippings) from the victim during the autopsy. According to Petitioner, this information was only discovered because the clippings were ordered to be tested for DNA by Genesee County Court; however, in April of 2015, the local law enforcement agency disclosed that the clippings had not been taken and thus could not be tested. In March of 2016, Genesee County Court denied a hearing on this issue. Pursuant to the same state court DNA order that required the victim's fingernail clippings be tested, Petitioner discovered, in December 2015, that a third party's blood was found on top of the left boot worn by the victim at the time of his demise. However, Petitioner notes, the prosecution's theory at trial was that only the victim's blood was found at the scene. Petitioner seeks a stay of the instant federal habeas proceeding while he pursues a motion to vacate in state court on claims of newly discovered evidence. He also seeks to amend his habeas petition to add these claims of newly discovered evidence that allegedly prove his actual innocence.

Respondent has opposed (Dkt #20) the motions to amend and to stay because this Court cannot grant Petitioner habeas relief on his freestanding claim of actual innocence. Petitioner has not filed a reply.

For the reasons set forth below, the Court denies permission to amend and declines to exercise its discretion to stay this habeas proceeding.

**III. Discussion**

    **A.   Amendment of the Petition**

Rule 15 of the Federal Rules of Civil Procedure provides in relevant part as follows:

> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
>     (A) 21 days after serving it, or
>     (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

FED. R. CIV. P. 15

Because Respondent has filed its opposition to the habeas petition, Petitioner's motion to amend cannot be considered under the "as of right" standard set forth in Rule 15(a)(1). Rather, the Court must apply Rule 15(a)(2), under which it may deny a motion to amend if the proposed amendments are "'futil[e].'" Ruotolo v. City of N.Y., 514 F.3d 184, 191 (2d Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

The Supreme Court has stated that "[c]laims of actual innocence . . . have never been held to state a ground for federal habeas relief absent an independent constitutional violation

occurring in the underlying state criminal proceeding." Herrera v. Collins, 506 U.S. 390, 400 (1993). In Herrera, the Supreme Court explained that its habeas jurisprudence "makes clear that a claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." Id. at 404-05. Because Petitioner's actual innocence claim is not a federal constitutional claim cognizable in this § 2254 proceeding, e.g., Glover v. Herbert, 431 F. Supp. 2d 335, 339 (W.D.N.Y. 2006), amendment of the Petition to add it would be futile. Accordingly, the Court denies the Motion to Amend.

**B.   Stay and Abeyance of the Petition**

In Rhines v. Weber, 544 U.S. 269, 277 (2005), the Supreme Court approved the "limited" use by district courts of the stay-and-abeyance procedure. In order to invoke the stay-and-abeyance procedure, a district court must ensure that (1) good cause exists for the petitioner's failure to exhaust his claims in state court; (2) the unexhausted claims are not "potentially meritorious" and (3) the petitioner has not engaged in intentionally dilatory litigation tactics. 544 U.S. at 277-78. Here, as discussed above, the actual innocence claims that Petitioner wishes to exhaust if granted a stay are not cognizable on federal habeas review. Therefore, Petitioner has not shown that they are potentially meritorious, and it would be an abuse of this

Court's discretion to stay the Petition. Petitioner's Motion to Stay accordingly is denied.

**IV. Conclusion**

For the reasons discussed above, Petitioner's First Motion to Amend/Correct (Dkt #17) and First Motion to Stay (Dkt #18) are denied with prejudice. Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability is denied. See 28 U.S.C. § 2253(c)(2).

**SO ORDERED.**

S/Michael A. Telesca

MICHAEL A. TELESCA
United States District Judge

Dated:    April 20, 2018
          Rochester, New York